IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL MERTON IRONS, II,

    Petitioner,                      No. CIV S-05-0912 JAM CHS P

    vs.

D.K. SISTO, Warden, et al.,

    Respondents.                 <u>ORDER</u>

         Petitioner is a state prison inmate proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On December 18, 2007, petitioner was granted leave to conduct discovery. On January 3, 2008, respondent filed a request for reconsideration. On August 25, 2008, the District Judge assigned to this matter affirmed the December 18, 2007, order.

         On May 6, 2009, petitioner was ordered to file a status report. On June 5, 2009, petitioner filed a status report stating that he had received two subsequent parole hearings. Both times the Board granted petitioner parole. The first grant was overturned by the Governor and petitioner is now awaiting the Governor's review of the most recent grant. Petitioner therefore requests that he be given until August 31, 2009, to determine whether to conduct discovery or take other action. Petitioner notes that if the Governor does not overturn his most recent grant the discovery at issue will "likely not be needed."

1

1    On June 9, 2009, respondent filed a reply maintaining opposition to discovery and
2 requesting a stay until the Ninth Circuit issues its mandate in Hayward v. Marshall, 512 F.3d 536
3 (9th Cir.2008), reh'g en banc granted, 527 F.3d 797 (9th Cir. May 16, 2008).
4 /////
5 /////
6 /////
7    It is true that a court "may, with propriety, find it is efficient for its own docket
8 and the fairest course for the parties to enter a stay of an action before it, pending resolution of
9 independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd.,
10 593 F.2d 857, 863 (9th Cir.1979); see also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (a
11 district court has broad discretion in deciding whether to stay proceedings in its own court).
12 However, habeas proceedings "implicate special considerations that place unique limits on a
13 district court's authority to stay a case in the interests of judicial economy." INS v. Yong, 208
14 F.3d 1116, 1120 (9th Cir.2000).  In Yong, the Ninth Circuit held that considerations of judicial
15 economy cannot justify "an indefinite, potentially lengthy stay in a habeas case" and reversed the
16 district court's decision to indefinitely stay a habeas proceeding pending resolution of a separate
17 Ninth Circuit case considering related issues.  Id. at 1120 (" 'The writ of habeas corpus,
18 challenging illegality of detention, is reduced to a sham if ... trial courts do not act within a
19 reasonable time.' [ ] A long stay also threatens to create the perception that courts are more
20 concerned with efficient trial management than with the vindication of constitutional rights."
21 (internal citation omitted)).
22    Much like the stay at issue in Yong, the stay at issue in the present case is
23 indefinite and potentially lengthy since there is no set date for a decision in Hayward.  Moreover,
24 although it is likely that Hayward will provide guidance for analyzing parole habeas cases, there
25 are numerous other decisions from the Ninth Circuit which bear on the issues in petitioner's
26 habeas petition. See Superintendent v. Hill, 472 U.S. 445, 457 (1985); Biggs v. Terhune, 334

1  F.3d 910, 914 (9th Cir.2003); <u>Sass v. Cal. Bd. of Prison Terms</u>, 461 F.3d 1123, 1127-28 (9th

2  Cir.2006); <u>Irons v. Carey</u>, 505 F.3d 846, 851 (9th Cir.2007).

3     Therefore, IT IS HEREBY ORDERED that:

4    1. Respondent's June 9, 2009, request for a stay is denied; and

5    2. Petitioner shall file a status report on or before September 1, 2009,

6  stating whether he intends to proceed with discovery.

7  DATED: June 23, 2009

8            /s/ Charlene H. Sorrentino
          CHARLENE H. SORRENTINO

9            UNITED STATES MAGISTRATE JUDGE

3