IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL MERTON IRONS, II,

    Petitioner,                    No. CIV S-05-0912 JAM CHS P

   vs.

D.K. SISTO, Warden, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

/////

I.    INTRODUCTION

        Petitioner is a state prison inmate proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the March 20, 2002 decision by the Board of Parole Hearings (hereinafter Board) finding him unsuitable for parole.

        On December 18, 2007, petitioner was granted leave to conduct discovery. On May 6, 2009, petitioner was ordered to file a status report concerning the status of discovery. On June 5, 2009, petitioner filed a status report stating that he had been granted parole at a subsequent parole hearing and was awaiting the Governor's review of that determination. Petitioner requested that he be given until August 31, 2009, to determine whether to conduct discovery or take other action. Respondent requested a stay pending resolution of Hayward v.

1

Marshall, 512 F.3d 536 (9th Cir.2008), reh'g en banc granted, 527 F.3d 797 (9th Cir. May 16, 2008).

On June 24, 2009, respondent's request for a stay was denied and petitioner was ordered to file a status report on or before September 1, 2009. On June 25, 2009, respondent filed a notice of release along with exhibits indicating that petitioner was released on parole on June 24, 2009. On July 13, 2009, petitioner filed a status report through counsel confirming that he was released from prison to parole on June 24, 2009. Petitioner however did not consent to dismissal of this case and deemed the matter submitted for decision.

/////

II.     MOOTNESS

Article III jurisdiction must be considered sua sponte and the matter dismissed if jurisdiction is lacking. Southern Pacific Transportation Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990), cert. denied, 502 U.S. 943 (1991); see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Courts "have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003). "To avoid dismissal on mootness grounds, the court must determine that the habeas petitioner continues to have a 'personal stake in the outcome of the lawsuit.' " Bush v. Solis, 2004 WL 2600141, at *2 (N.D. Cal. Nov. 16, 2004) (quoting United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2000)). What this means is that, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." Spencer v. Kemna, 523 U.S. 1, 7(1998) (internal quotation marks and citations omitted).

A case loses its quality as a "present, live controversy" and becomes moot when the court cannot grant any effective relief. Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001). In evaluating whether a habeas petition is moot, the court must first consider

the nature of habeas corpus relief and then determine whether it can grant petitioner any effective habeas relief. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).

III.  DISCUSSION

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Id. (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Petitioner however has already been granted his release from physical custody.

Under California law, "an inmate-turned-parolee remains in the legal custody of the [CDCR] through the remainder of his term, and must comply with all of the terms and conditions of parole, including mandatory drug tests, restrictions on association with felons or gang members, and mandatory meetings with parole officers." Samson v. California, 547 U.S. 843, 851 (2006). The restrictions imposed on a parolee constitute a concrete injury for the purposes of mootness analysis. See, e. g., Spencer, 523 U.S. at 7-8 (restrictions imposed by the terms of the parole constitute a concrete injury); Jones v. Cunningham, 371 U.S. 236, 243 (1963) (same). Thus petitioner's cause would not be moot if he could obtain a remedy to redress his injury.

Pursuant to California Penal Code section 3000. 1 however, "a person convicted of a second degree murder that occurred after January 1, 1983, is subject to lifetime parole and becomes eligible for discharge from parole 'when [such a] person ... has been released on parole from the state prison, and has been on parole continuously for ... five years.' " In re Chaudhary, 172 Cal.App.4th 32, 34, 90 (2009) (emphasis added); Cal. Pen.Code § 3000.1. California Code of Regulations title 15, section 2535(d)(1) requires the parole board to consider, among other things, the parolee's adjustment to society during the five-year period between the parole release date and the date of the parole discharge eligibility hearing mandated by section 3000.1. 15 Cal. Code. Reg. § 2535(d) (1).

/////

1  /////

2  Section 3000.1's five-year parole discharge eligibility requirement is expressly
3  limited to the period of time after the parolee has been released on parole and requires that the
4  parolee serve five continuous years on parole since the parolee's release from confinement.
5  Chaudhary, 172 Cal.App.4th at 37.  "By placing these explicit limitations on the parole discharge
6  eligibility requirement, the Legislature made unmistakably clear that a parolee must first have
7  'been released on parole' and must then complete five continuous years on parole after the
8  parolee's 'release from confinement.'  This intent explicitly precludes the application of any time
9  spent in custody prior to release to satisfy any part of section 3000.1's five-year parole discharge
10  eligibility requirement," even when a portion of the prisoner's time spent in custody was due to
11  the state's unlawful conduct.  Id. at 37-38.

12  /////

13  /////

14  IV.    CONCLUSION

15  The murder supporting petitioner's second degree murder conviction occurred on
16  March 9, 1984.  Petitioner is therefore subject to lifetime parole.  Because petitioner was
17  released from prison on June 24, 2009, is subject to lifetime parole, and has only begun to serve
18  his minimum five year continuous parole term, he cannot be granted further relief in this case.

19  Accordingly, IT IS HEREBY RECOMMENDED that petitioner's petition for a
20  writ of habeas corpus be dismissed as moot.

21  These findings and recommendations are submitted to the United States District
22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
23  days after being served with these findings and recommendations, any party may file written
24  objections with the court and serve a copy on all parties.  Such a document should be captioned
25  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26  shall be served and filed within ten days after service of the objections.  The parties are advised

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: July 20, 2009

　　　　　　　　　　　　　　　　　　*Charlene H. Sorrentino*
4  　　　　　　　　　　　　　　　　　CHARLENE H. SORRENTINO
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE